Filed 9/23/13  P. v. Reyes CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> ROGELIO REYES, <br><br>     Defendant and Appellant. | B245615 <br><br> (Los Angeles County <br> Super. Ct. No. BA372655) |

APPEAL from an order of the Superior Court of the County of Los Angeles, William C. Ryan, Judge.  Affirmed.

Doris M. LeRoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Rogelio Reyes (defendant) was convicted of four counts of continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)[1]). On appeal, defendant contends that the trial court erred in sentencing him. We affirm the judgment.

## BACKGROUND

Following a trial, the jury found defendant guilty of four counts of continuous sexual abuse of a child in violation of section 288.5, subdivision (a). In a previous appeal in this case, we remanded the matter for resentencing in our unpublished opinion—*People v. Reyes* (August 22, 2012, B234552 [nonpub.opn.])—because defendant had been improperly sentenced under section 667.61.

Following remand, the trial court sentenced defendant to state prison for an aggregate term of 64 years, consisting of the upper term of 16 years on count 1, and consecutive upper terms of 16 years on each of the remaining three counts. Defendant was awarded a total of 1,014 days of presentence custody credits, consisting of 882 days actual custody credit and 132 days conduct credit.

## DISCUSSION

Defendant contends that sentencing error occurred because the trial court incorrectly believed that full-term consecutive sentences were mandatory under section 667.6, subdivision (d), rather than discretionary under section 667.6, subdivision (c). The Attorney General argues that even if there were sentencing error it was harmless. We hold that the trial court did not err, for it exercised its discretion.

### A.     Background Facts

Defendant's conduct specified in counts 1 and 2 was alleged to have occurred on or between May 1, 2002, and July 31, 2003. The conduct specified in count 3 was

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

alleged to have occurred on or between January 17, 1990, and December 31, 1995, and the conduct specified in count 4 was alleged to have occurred on or between June 9, 1992, and June 9, 1999. Counts 1 through 4 each involved separate victims.

The prosecutor's sentencing memorandum provided that the trial court was required to impose full term consecutive sentences pursuant to section 667.6, subdivision (d), and it also provided that full term consecutive sentences were authorized by both subdivisions (c) and (d). The prosecutor's sentencing memorandum "requested" that defendant be sentenced to an aggregate term of 60 years in state prison, consisting of the upper term of 16 years on counts 1, 2, and 3, and the middle term of 12 years on count 4, because the crimes involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)), the victims were particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)), the manner in which the crimes were carried out indicates planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(a)(8)), defendant took advantage of a position of trust or confidence to commit the offenses (Cal. Rules of Court, rule 4.421(a)(11)), and defendant has engaged in violent conduct that indicates a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)).

At the sentencing hearing, the following exchange occurred: "[Trial court:] My indicated is to sentence the defendant to the high term on each count consecutive. These are full consecutive sentences under the law. Correct? [Prosecutor:] Yes. Separate victims, separate occasions." Defendant's counsel stated that he agreed with the trial court and the prosecutor. Thereafter, defendant's counsel said, "I was hoping that the court would consider the midterm consecutive." The following exchange then occurred: "[Prosecutor:] "I believe the high term is appropriate for this matter. There were four different victims. It went for an extended period of time and the damage to the victims are irreparable. . . . [Defendant] has earned high term consecutive. [¶] [Trial court:] All right. He also, as I recall in both cases he committed these offenses in a position of trust. One of the victims was the son of his closest friend or one of his closest friends. [¶] [Prosecutor:] Two of the victims actually. [¶] [Trial court:] Two of the

3

victims. And the other two were the stepchildren. [¶] [Prosecutor:] Yes. Stepchildren. [¶] So given those factors and also that the defendant at the original sentencing hearing basically blamed the victims for his predicament, he showed a distinct lack of remorse at the time of sentencing. Adding those factors together I do think the high term is appropriate." The trial court invited defendant to address the court, but defendant declined to do so. The trial court sentenced defendant to state prison for an aggregate term of 64 years, consisting of the upper term of 16 years on count 1, and full consecutive upper terms of 16 years on each of the remaining three counts.

### B.    Analysis

During the time defendant committed the offenses, section 667.6, subdivision (c) provided that, "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term *may* be imposed for each violation of . . . Section 288.5 . . . ." (Emphasis added.) At that time, subdivision (d) provided that a full, separate, and consecutive term of imprisonment *must* be imposed on certain listed sex offenses "if the crimes involve separate victims or involve the same victim on separate occasions."

As the Attorney General concedes, subdivision (d) of section 667.6 is not applicable to defendant's sentencing. Prior to 2006, the offense of continuous sexual abuse of a child under the age of 14 (§ 288.5) was not listed as a sex offense in section 667.6 and, therefore, was not subject to the mandatory consecutive sentencing required by section 667.6, subdivision (d). Section 667.6 was amended, effective on September 20, 2006, to add section 288.5 as an offense subject to mandatory consecutive sentences when multiple offenses were committed against separate victims or on separate occasions. (Stats. 2006, ch. 337 (S.B.1128), § 32.) Under ex post facto principles, a statutory amendment cannot be applied retroactively if it increases the punishment for a crime after its commission. (*People v. Delgado* (2006) 140 Cal.App.4th 1157, 1164.) Because defendant completed his crimes on July 31, 2003—before the offense of continuous sexual abuse pursuant to section 288.5 was included as a qualifying offense

4

for purposes of section 667.6, subdivision (d), section 667.6, subdivision (d), did not mandate full-term consecutive sentences.

The record reflects that the trial court properly sentenced defendant pursuant to section 667.6, subdivision (c)—giving the trial court discretion to sentence defendant to full-term consecutive sentences. It is true that the prosecutor's sentencing memorandum provided that the trial court was required to impose full term consecutive sentences pursuant to section 667.6, subdivision (d). But it also provided that full term consecutive sentences was authorized by subsection (c), and "requested" that defendant be sentenced to an aggregate term of 60 years in state prison, consisting of the upper term of 16 years on counts 1, 2, and 3, and the middle term of 12 years on count 4, based on several aggravating factors. At the sentencing hearing, the trial court and counsel agreed that the full consecutive sentences are to be imposed on defendant "under the law," but defendant's counsel requested that the trial court impose on defendant the middle term for each of the offenses. The prosecutor responded by saying that defendant had "earned" the imposition of the high term consecutive for each count. The trial court found that the upper term was appropriate as to each count because defendant committed the offenses while in a position of trust because two of the victims were his stepchildren and the other two victims were the sons of his closest friend, and that defendant's statements at the original sentencing hearing showed a distinct lack of remorse because he blamed the victims for his predicament. This shows that the trial court exercised its discretion in sentencing defendant to full-term consecutive sentences.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.


We concur:


KRIEGLER, J.


KUMAR, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.